UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 25-25011-CV-WILLIAMS

ELVIN DONALY GARCIA CASTILLO,

    Petitioner,

v.

CHARLES PARRA, *et al.*,

    Respondents.

_____/

## ORDER TO SHOW CAUSE

**THIS MATTER** is before the Court on the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("***Petition***") filed by Petitioner Elvin Donaly Garcia Castillo ("***Petitioner***"), while confined at the South Florida Detention Center in Miami, Florida. (DE 1). Petitioner seeks either a stay of his removal proceedings or immediate release from immigration custody. (*Id.* at 13).

"Section 2241 provides that a writ of habeas corpus may issue to a prisoner . . . [who is] in custody in violation of the Constitution or laws or treaties of the United States." *Medberry v. Crosby*, 351 F.3d 1049, 1059 (11th Cir. 2003). When adjudicating a Section 2241 habeas corpus petition, a court "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted." 28 U.S.C. § 2243. Accordingly, it is **ORDERED AND ADJUDGED** as follows:

    1.    Counsel for the Respondent, upon receipt of this Order, shall immediately notify the Court of the name of the Assistant United States Attorney to whom the case is assigned.

2. Within **three (3) days of the date of entry of this Order**, Respondent shall file a memorandum of fact and law to show cause why this Petition should not be granted and shall file all necessary documents for the resolution of the Petition. *See* 28 U.S.C. § 2243 (stating that a response to the order to show cause "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed."). Respondent shall file the response and appendix simultaneously, but if unable to do so, then Respondent shall file a motion for extension of time setting forth good cause supported by a detailed explanation of the specific facts giving rise to the need for additional time.

3. Counsel for Respondent shall caption the response as a "Response" or alternatively, an "Answer," and not a "Motion to Dismiss." The statute, 28 U.S.C. § 2243, calls for a "Return." Any motion for an extension of the date specified for the filing of the Response or Answer must be case-specific and must detail the reasons the extension is sought. Any motion seeking an extension of time based on an inability to procure records shall be accompanied by documentation showing that the records were requested in a timely fashion, that they remain unavailable, and the date on which they are expected to be received.

4. Respondent is reminded that it must provide Petitioner full and complete copies of all documents filed in support of its Response or Answer. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Rodriguez v. Fla. Dep't of Corr.*, 748 F.3d 1073, 1077 (11th Cir. 2014) (A[A]ll documents referenced in the . . . answer and filed with the Court must

be served on the habeas petitioner.@).

5. Petitioner may, but is not required to, file a Reply within **three (3) days** of the date on which the Court dockets Respondent's Answer or Response. If the Reply is not filed within three (3) days of the date of docketing of Respondent's Answer or Response, the Court will deem the matter ripe and will not consider the untimely Reply. *See* Rule 5(e), Rules Governing Section 2254 Cases ("The petitioner may file a reply to the respondent's answer" within a time fixed by the judge).

6. Petitioner's Reply, if any, **shall not exceed ten (10) pages** and shall otherwise comply with the Court's Local Rules governing the form of filings. *See* S.D. Fla. L.R. 7.1(c); S.D. Fla. L.R. 5.1(a)(4).

7. Petitioner shall serve his Petition and a copy of this Order on Respondents and file proof of service with the Court.

8. Furthermore, Respondents shall not remove Petitioner from the South Florida Detention Center until further order of the Court.

**DONE AND ORDERED** in Chambers at Miami, Florida this 31st day of October, 2025.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE